IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

v.

JESSICA HOLMES, SARAH LIEDHODLT, RICK
FETTING, JULIE HANSENSTAB, NICOLE KURTZ,
TROY EGNER, BRIAN HAYES, CHIEF DAVID
MOORE, DEPUTY CHIEF TERRANCE SHERIDAIN,
DEPUTY CHIEF KLIESNER, OFFICER WOODMAN,
OFFICER HANSON, ROCK COUNTY CIVIL CLERK,
and ROCK COUNTY CIRCUIT COURT MANAGER,

                Defendants.

OPINION and ORDER

21-cv-764-jdp

---

Pro se plaintiff Timothy Lee Stewart, Sr. has filed a proposed civil action identifying several claims against various governmental entities and individuals located in Janesville, Wisconsin. Stewart is proceeding without prepayment of the filing fees for this action. The case is before the court for screening to determine whether his complaint states a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Stewart filed an amended complaint before his initial complaint was screened, Dkt. 5, so I will review the amended complaint to determine whether it states a claim against any of the defendants.

Stewart's amended complaint discusses a range of incidents, which Stewart organizes into 9 claims against the 14 defendants. Although some of Stewart's allegations and claims appear to relate to each other, most of the allegations appear to involve distinct incidents that occurred at different times and involved different individuals. For example, Stewart alleges that the Rock County probation office imposed a restriction prohibiting him from engaging in Halloween activities, even though he is not a convicted sex offender. That allegation is

completely unrelated to Stewart's allegations that a Janesville police officer has repeatedly towed his vehicle without justification, and that other police officers have conspired with his neighbor to damage his property and commit hate crimes against him.

Under the Federal Rules of Civil Procedure, these disparate claims cannot proceed together in the same lawsuit. See Fed. R. Civ. P. 18, 20; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In particular, Rule 20 prohibits litigants from bringing unrelated claims against different defendants in a single action. *George*, 507 F.3d at 607. And even when the claims are related, the court has authority under Rule 21 and its inherent authority to sever a lawsuit when it would be unwieldy to allow a plaintiff to bring multiple claims against many different defendants in a single case. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018).

Because Stewart's complaint contains unrelated claims against different defendants, I will dismiss Stewart's complaint without prejudice. I will give Stewart an opportunity to file an amended complaint that focuses on a single incident or a series of clearly related incidents. Stewart should review the 9 claims in his proposed amended complaint and determine which of those claims he wants to pursue in case number 21-cv-764. The claims must be clearly related to each other, either because the underlying incidents were substantially similar, because they involved the same individual defendants, or because the incidents were causally related to each other. After Stewart decides with which claims he would like to proceed in this case, he must then file an amended complaint limited solely to those claims.

If Stewart wishes to pursue additional unrelated claims, he will need to file them as separate cases. But Stewart should consider carefully whether he would be able to litigate multiple suits at the same time. Stewart may also choose not to pursue his other claims at this

time. He could pursue them later, so long as the statute of limitations applicable to those claims has not run out.

In drafting his amended complaint, Stewart should remember to do the following:

- Focus his allegations on a single incident or a serious of clearly related incidents.

- Carefully consider whether he is naming proper defendants, and omit defendants who did not personally cause or participate in the constitutional violation.

- Identify all of the individuals he wishes to sue in the caption of the complaint. If he does not know the name of an individual defendant, he should identify the defendant as "John Doe" or "Jane Doe."

- Describe simply and concisely what acts he believes each defendant took that violated his rights, using separate, numbered paragraphs.

- Describe what relief he is seeking.

- Omit legal arguments.

- Refrain from filing exhibits with his complaint, including state court documents, police citations, and communications from city officials. All of the allegations relevant to Stewart's claims must be included in his complaint, so I will not consider information contained in attachments.

If Stewart files an amended complaint, I will screen the allegations to determine whether they state a claim upon which relief may be granted. If he does not provide an amended complaint by the date below, the case will be closed for his failure to prosecute it.

ORDER

IT IS ORDERED that Timothy Lee Stewart, Sr.'s complaint is DISMISSED without

prejudice for its failure to comply with Rule 20 of the Federal Rules of Civil Procedure. Stewart may have until June 13, 2022 to file an amended complaint that complies with Rule 20 as set forth above. If Stewart does not file an amended complaint by June 13, the clerk of court is directed to close this case.

Entered May 23, 2022.

BY THE COURT:

/s/_____
JAMES D. PETERSON
District Judge