IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                      Plaintiff,

v.

DREW MUSSEY and OFFICER HANSON,

                      Defendants.

OPINION and ORDER

21-cv-764-jdp

---

Plaintiff Timothy Stewart alleges that Janesville Police Department and parking enforcement staff issued him parking citations, towed his vehicles, and then arrested him even though he did not violate any regulations. This order addresses numerous filings by the parties.

**A. Motions to amend the complaint**

I granted Stewart leave to proceed on the following claims:

- Fourth Amendment claims against defendants Drew Mussey and Officer Hanson regarding the unlawful seizure of his vehicles.

- Fourth Amendment unlawful arrest and First Amendment retaliation claims against defendant Hanson regarding his arrest.

*See* Dkt. 11.

Stewart filed two proposed amended complaints, Dkts. 35 and 39. Neither of these filings is a proper amended complaint combining his original allegations against the existing defendants with new allegations against the existing or new defendants. His second proposed amended complaint does not name Mussey or Hanson as defendants and instead appears to be a brand-new complaint discussing a wide-ranging conspiracy among his landlord, a fellow tenant, and Janesville Police to violate his rights, which I have already concluded does not state plausible claims for relief. In any event, these allegations do not belong in this lawsuit about a

discrete incident regarding the unlawful seizure of his vehicles. I will deny Stewart's motions to amend the complaint.

B. **Discovery motions**

Stewart has filed a motion to compel discovery, Dkt. 26, and two motions asking for a hearing to discuss various ways in which he believes that defendants have failed to turn over evidence, Dkts. 32 and 33. None of Stewart's motions include his actual discovery requests and defendants' responses, as the court told him he must include with a motion to compel, which alone is enough reason to deny his motion to compel. Defendants also point out that Stewart's formal motion to compel was filed prematurely, only two weeks after he sent defendants his requests for production of documents, and that defendants have now sent him their responses. Nothing in plaintiff's filings adequately supports an order to compel discovery or to hold a hearing. I will deny his motions.

Stewart has filed a document asking the court to enter an order allowing him to conduct his own search of the Janesville Police Department headquarters, and asking the court to issue several subpoenas for various police staff to appear at depositions and to bring relevant documents to those depositions. Dkt. 40. Stewart's request to inspect the police department is the type of request that a party would make in a motion to compel discovery after the opposing party has stonewalled him on his discovery requests (and even then it is much more likely that the remedy would be for defendants to turn over documents to plaintiff, not to have him inspect the headquarters himself). So I will deny his request as premature and direct him to submit discovery requests to defendants. If he is dissatisfied with the responses, he should confer with defendants about their disputes. If that proves unsatisfactory he may file a motion

2

to compel discovery, but he will have to attach to any such motion the discovery requests he made to defendants and their responses.

There are multiple problems with Stewart's requests for subpoenas. He filled out only one form with an identifiable person upon which to serve it, Police Chief David Moore, *Id.* at 2. The other subpoena forms are filled out with "John Doe" recipients without a particularized description of who they are, so there isn't any practical way for Stewart to serve them.

Stewart is otherwise free to subpoena Chief Moore to appear at a deposition and to bring relevant documents with him. But his proposed subpoena form does not list the place or date and time the deposition would take place, nor does it explain the method by which the deposition would be recorded (audio, audiovisual, or stenographic means). Stewart bears the cost of recording the deposition. Stewart also needs to show the court that he is able to tender a check or money order for the fees for one day's attendance ($40) and the mileage traveled by Moore ($0.67 per mile). I will deny Stewart's current motion without prejudice to him refiling his form, complying with these rules. Stewart may consider less expensive ways to obtain the information he seeks, particularly the documents or other information he seeks from Moore. For instance, Stewart may submit requests for production of documents or other discovery requests directly to defendants without the need for a subpoena or deposition.

C.  **Other motions**

Stewart states that he did not receive a paper copy of the court's preliminary pretrial conference order and he moves to stay the case until he receives a copy. Dkt. 30. I will deny Stewart's motion to stay the case because he has registered for electronic filing, and indeed has filed dozens of submissions in his various cases using electronic means. Because Stewart has electronic access to the docket, the court does not send hm paper copies of its orders. Stewart

should also be well aware of the court's procedures from the similar pretrial orders he has received in multiple other cases. As a courtesy, I will direct the clerk of court to send Stewart a paper copy of the pretrial conference order.

In this and other of his cases Stewart has copied the court on what he calls a request for the Federal Bureau of Investigation to investigate misconduct by defendants and others in the Janesville Police Department. Dkt. 36. He also asks to seal that document. Dkt. 38. As I stated in a recent ruling in another of Stewart's cases, I will take no action on any of Stewart's requests for a criminal investigation because this court's role is to resolve disputes in the context of lawsuits, not to initiate criminal investigations. *See Stewart v. Severson*, No. 21-cv-555-jdp, 2023 WL 8716814, at *3 (W.D. Wis. Dec. 18, 2023). I will deny his request to seal that document because he does not present a persuasive reason to do so.

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Stewart's motions to amend the complaint, Dkts. 35 and 39, are DENIED.

2. Plaintiff's motion to compel discovery or hold a hearing on discovery issues, Dkts. 26; 32; and 33, are DENIED.

3. Plaintiff's motion to inspect the Janesville Police Department, Dkt. 40, is DENIED.

4. Plaintiff's motion to stay the case, Dkt. 30, is DENIED.

5. Plaintiff's motion to seal, Dkt. 38, is DENIED.

6. Plaintiff's motion for issuance of subpoenas, Dkt. 40, is DENIED without prejudice.

7. The clerk of court is directed to send plaintiff a copy of the preliminary pretrial conference order, Dkt. 22.

Entered January 10, 2024.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge