IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                Plaintiff,

v.

DREW MUSSEY and DYLON HANSEN,[1]

                Defendants.

OPINION and ORDER

21-cv-764-jdp

---

Plaintiff Timothy Stewart, proceeding without counsel, alleges that Janesville Police Department officers issued him parking citations, towed his vehicles, and then arrested him in retaliation for complaining about his vehicles being towed. He brings Fourth Amendment claims about the towing of his vehicles and Fourth Amendment unlawful arrest and First Amendment retaliation claims about his subsequent arrest.

This order addresses several filings by the parties, some of which disclose that Stewart's state-court ordinance-violation proceedings about these events have not yet concluded. After ruling on a handful of motions, I will abstain from exercising jurisdiction over Stewart's claims under *Younger v. Harris*, 401 U.S. 37 (1971). I will stay the case. Stewart can move to lift the stay after the state-court proceedings are resolved.

A. Motions to amend the complaint

In a previous order I denied Stewart's motions for leave to amend his complaint with two different proposed amended complaints, stating, "Neither of these filings is a proper amended complaint combining his original allegations against the existing defendants with new

---

[1] I have amended the caption to provide the full, properly spelled name of defendant Hansen as reflected in defendants' submissions.

allegations against the existing or new defendants." Dkt. 44, at 1. Stewart responded to that order by filing two more proposed amended complaints that are virtually identical to each other. Dkt. 45 and Dkt. 46. I will deny his current motions to amend his complaint for the same reasons that I denied his previous attempts. As with many of his filings in this and his other cases, his new proposed amended complaints are unfocused and difficult to follow. Neither the current defendants nor any potential new defendants would understand from Stewart's proposed pleadings how he intends to alter his existing complaint. In particular, he does not explain whether he seeks to add new defendants or new claims. The case will proceed with only the claims on which I've already allowed him to proceed.

**B. Discovery issues**

Defendants have moved for summary judgment. Dkt. 49. After his deadline to respond had passed, Stewart filed a series of documents including requests for subpoenas to appear at depositions, Dkts. 58–60, and two motions to compel discovery, Dkt. 61 and Dkt. 62.

I will deny Stewart's requests for subpoenas because he doesn't show that he can bear the cost of recording the depositions or paying the witness fees and mileage for each person he wishes to depose. Stewart appears to seek waiver of these costs, but the court cannot waive them.

Stewart's two motions to compel appear to be identical except that in the second Stewart has written additional information on the existing typewritten document; I will consider only the second motion. That motion to compel fails for the same reason as previous motions to compel that he has made in this case and others: he didn't provide the court with defendants' responses to his discovery requests and explain how they were deficient.

But there is one issue in Stewart's motion to compel that I will address further. He contends that defendants failed to produce all of the bodycam footage and police reports from the incidents at issue in this case. Defendants submit their responses to two sets of Stewart's requests for production of documents showing that they did provide him with the relevant bodycam footage and police reports that he asked for. *See* Dkt. 69-3 and Dkt. 69-4. Stewart continues to argue that there is more bodycam footage. This belief appears to be based in part on his misunderstanding of a police record summarizing documents ordered for individuals making records requests. Dkt. 58, at 9. That record is a list of various contacts that Stewart had with police, and includes columns named "Pages" and "Body Camera." *Id.* Stewart contends that the numbers in the "Pages" column indicates the number of bodycam videos available for each particular incident. I've already determined in another of Stewart's cases that this was an unreasonable reading of the report; the only reasonable reading is that "Pages" means the number of pages in the police report associated with that interaction. *Stewart v. Wiley*, No. 22-cv-482-jdp, 2024 WL 2078093, at *2 (W.D. Wis. May 9, 2024). The "Body Camera" column states only "yes" or "no" for the existence of footage; it does not state the number of videos that were preserved.

Even so, Stewart states that there are multiple videos from the September 4–5, 2021 incident in which he was charged with disorderly conduct by defendant Hansen; Stewart states that the district attorney dismissed that charge after viewing the videos. *See* Dkt. 62, at 4. Defendants have submitted only one video from that incident—Hansen's bodycam footage recording a phone call between him and Stewart. Dkt. 53-1 (placeholder entry for that footage). But defendants' proposed findings of fact state that Hansen also spoke with several witnesses to Stewart's behavior. Dkt. 51, ¶¶ 67–76. They submitted no footage of those interviews.

Defendants note that Stewart did not formally request footage from that day. I agree that the court cannot grant a motion to compel discovery of something that wasn't the subject of a discovery request. Nonetheless, given the crucial role that video evidence often plays in these types of lawsuits, on my own motion I will direct defendants to perform another search of its archives and submit to the court and Stewart (1) all the bodycam footage they have from the September 4–5 incident; and (2) declarations detailing the efforts undertaken by staff to retrieve that footage and explaining why any particular officer's bodycam footage is not available. I will consider any footage that defendants submit.

None of this means that Stewart should attempt to submit late materials opposing the motion for summary judgment; I will disregard any material that he files. Stewart has filed a motion for extension of time to file his summary judgment response, Dkt. 72, that I will deny.

**C. Abstention**

As for defendants' motion for summary judgment, their proposed findings of fact state that Stewart has appealed the circuit court decision finding that Stewart violated the Janesville ordinance prohibiting the storage of vehicles on public property, and that the appeal is currently pending. *Id.*, ¶¶ 81–87. My review of Wisconsin's electronic court record system confirms this.[2] *See City of Janesville v. Stewart*, 2022AP1896 (Wis. Ct. App.).

The news that the parties are not yet finished with the ordinance-violation proceedings leads me to conclude that I must abstain from adjudicating Stewart's civil-rights claims in this lawsuit under *Younger*; *see also Forty One News, Inc. v. Cnty. of Lake*, 491 F.3d 662, 666 (7th Cir. 2007) ("[t]here is no question that the quasi-criminal prosecution of the violation of an

---

[2] https://wscca.wicourts.gov.

ordinance . . . is an adequate state proceeding for the purposes of *Younger*."). Adjudication of Stewart's claims related to the towing of his vehicles and alleged retaliatory disorderly conduct arrest afterward would unduly interfere with his state-court proceedings about those events. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). So I must abstain from deciding his claims until those proceedings have ended. I will deny defendants' motion for summary judgment without prejudice to them renewing their motion after the state-court proceedings have concluded. Even though the case is stayed, defendant should respond to this order regarding video footage of the September 4–5, 2021 events.

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Stewart's motions to amend the complaint, Dkts. 35 and 39, are DENIED.

2. Plaintiff's motions for issuance of subpoenas, Dkts. 58–60, are DENIED.

3. Plaintiff's motions to compel discovery, Dkt. 61 and Dkt. 62, are DENIED.

4. Defendants may have until August 2, 2024, to respond to this order as discussed above.

5. Defendants' motion for summary judgment, Dkt. 49, is DENIED without prejudice.

6. Plaintiff's motion for extension of time, Dkt. 72, is DENIED.

7. The court will abstain from exercising jurisdiction, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending final resolution of plaintiff's state-court proceedings. This case is STAYED and the remaining schedule is STRUCK.

Entered July 11, 2024.

BY THE COURT:

/s/_____
JAMES D. PETERSON
District Judge