IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE STEWART, SR.,

                          Plaintiff,

v.

KARL MIKKELSEN,

                          Defendant.[1]

OPINION and ORDER

23-cv-91-jdp

---

Plaintiff Timothy Lee Stewart, proceeding without counsel, alleges that defendant Officer Karl Mikkelsen of the Janesville Police Department issued him a noise citation for playing or recording religious sermons. Stewart brings First Amendment free exercise and Fourth Amendment malicious prosecution claims. Mikkelsen brings a counterclaim under Wisconsin law for abuse of process.

Several filings are currently before the court, including Mikkelsen's motions to sanction Stewart for his misconduct, Dkt. 42, and for summary judgment, Dkt. 48. I need not consider Mikkelsen's motion for summary judgment because I will dismiss this case to sanction Stewart for his repeated misconduct. I will also relinquish the court's supplemental jurisdiction over Mikkelsen's abuse-of-process counterclaim.

---

[1] I have amended the caption to reflect the proper spelling of defendant's name as presented in his filings.

ANALYSIS

A. **Mikkelsen's motion for sanctions**

Mikkelsen moves to sanction Stewart for sexually threatening him in a video from Stewart's YouTube channel titled "Revern Eagle Community Activist. Forensic Peer Sup."[2] Dkt. 42. Mikkelsen has submitted a copy of a portion of the video.[3] In that video Stewart states the following:

> We finally understand that Atty. Ryan Truesdale is leading the saints. (Laughter). Stop rookie! Stop! I got to do it to ya. It's Revern Eagle here. He gone get in that ass like a piece of shit that won't come out your butt. A turd that won't fall out your ass, uh. He gonna get in ya good. It's Revern Eagle, welcome to the hood.

Attachment to Dkt. 42, at 0:43 of the portion of the video submitted to the court; at 11:52 in the full online video.

In considering Mikkelsen's motion for sanctions, I must consider Stewart's litigation history. Stewart is one of the most prolific filers in this court, filing 24 cases over the last three years. The court has resolved 21 of those cases, with Stewart prevailing in none of them. In most of those cases, including this one, his complaints have included allegations of a wide-ranging conspiracy among his landlord, a fellow tenant, and Janesville Police to violate his rights in various ways. His filings have generally been extremely long, unfocused, and difficult to follow.

I have sanctioned Stewart multiple times for his misconduct in litigating these cases. I have previously barred Stewart from filing additional baseless cases seeking to invalidate

---

[2] https://www.youtube.com/@RevernEagleJanesvilleWI567.

[3] The video is available in its entirety at: https://www.youtube.com/watch?v=U__-T0eckUM.

2

governmental legislative or regulatory actions, *see Stewart v. Evers*, No. 23-cv-52-jdp, 2023 WL 1401817, at *2 (W.D. Wis. Jan. 31, 2023), and barring him from filing additional complaints containing baseless allegations of a conspiracy among his landlord, neighbors, and the police, *see Stewart v. Arndt*, No. 23-cv-465-jdp, slip op. at 2–3 (Jan. 16, 2024). After video evidence proved that Stewart fabricated claims that Janesville police officers used racial slurs against him to block him from filing a complaint against an officer, I sanctioned Stewart by barring him from bringing new lawsuits in this court without first prepaying the entire filing fee. *Stewart v. Severson*, No. 21-cv-555-jdp, 2024 WL 871707, at *7 (W.D. Wis. Feb. 29, 2024). And I have ordered Stewart to limit each of his filings to ten pages unless he asks for permission, *id.*, and to follow the court's electronic filing rules and to limit the title of each of his filings on the electronic system to 20 words. *Stewart*, No. 21-cv-555-jdp, 2023 WL 8716814, at *4 (W.D. Wis. Dec. 18, 2023).

One instance in which I did not directly sanction Stewart was his previous use of abusive language toward opposing counsel, who has appeared for Janesville defendants in this and many other cases. In the '555 case, defendants filed documents showing that Stewart called counsel a liar and threatened to "come after" him and that Stewart would "remember his name," calling himself a "fuckin' gangsta" and threatening to file additional lawsuits against counsel and other Janesville officials for what he perceived as misconduct on their part. *Stewart*, 2024 WL 871707, at *6. I concluded that it was unnecessary to pursue sanctions for these statements because I was already dismissing the case on the merits and because I was sanctioning him for fabricating allegations in that case. *Id.* But I warned Stewart not to threaten counsel again:

> Stewart still has a few other open cases against Janesville defendants, with the same counsel representing those defendants. I expect Stewart to take my instructions in this and other cases seriously and to conform his behavior to those instructions. He

3

> should take extra care to treat opposing counsel with respect, as all parties are expected to do in this court. Any further misconduct by Stewart may result in dismissal of all of his open cases and a full filing bar in this court.

*Id.* at *7.

Nonetheless, Stewart continues to commit misconduct. Stewart sent counsel emails promoting his YouTube channel, *see* Dkt. 53-7, and he then posted the video detailed above. Counsel contends that in the video Stewart threatened "to sexually assault [him] if [he] do[es] not 'stop.'" Dkt. 42. Stewart says that he was exercising his First Amendment rights, and that because Stewart is not gay, opposing male counsel falsely accuses him of threatening to sexually assault him. Dkt. 47, at 1.

"A district court has inherent power to sanction a party who 'has willfully abused the judicial process or otherwise conducted litigation in bad faith.'" *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (quoting *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). In imposing a sanction as severe as dismissal of a case, I must find by a preponderance of the evidence that the offending party committed misconduct. *See Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 778–81 (7th Cir. 2016), *cert. denied*, 583 U.S. 822 (2017). The burden is on the party moving for sanctions to make this showing. *Id.*

I conclude that Mikkelsen has established by a preponderance of the evidence that Stewart committed misconduct in his communications with opposing counsel. Whether Stewart meant to *sexually* threaten Attorney Truesdale or he meant his crude language as a metaphor is beside the point: his language was unnecessarily provocative and threatening, particularly in light of Stewart's previous threats to counsel. I explicitly warned Stewart to treat opposing counsel with respect. He did not heed that warning.

Also, over the course of litigating this case and others, Stewart has completely disregarded the limits that I have placed on his filings. He continues to press baseless allegations of a conspiracy among his landlord, neighbors, and the police. In this lawsuit, after Stewart moved to Beloit, Wisconsin, he has attempted to expand the alleged conspiracy to include Beloit police officials. *See* e.g., Dkt. 41-2, at 23 (proposed subpoena for Beloit police officials); Dkt. 60, at 3 (proposed amended complaint adding Beloit police officials as defendants). He filed a lawsuit without prepaying the full filing fee even after I told him he was barred from doing so. *See Stewart v. Doe(s)*, No. 24-cv-598-jdp (W.D. Wis. filed Aug. 26, 2024). His filings routinely exceed the ten-page limit that I have placed on them—his multiple attempts at responding to Mikkelsen's motion for summary judgment and seeking an extension of time to file a more complete summary judgment opposition total more than 180 pages, even excluding hundreds of pages of documents that Stewart docketed as exhibits but which mostly appear to be additional portions of his substantive response. *See* Dkt. 60; Dkt. 66; Dkt. 68; Dkt. 72. And he has misused the electronic filing system by docketing multiple documents with extremely long titles despite my order limiting the title of each of his filings to 20 words. *See. e.g.*, Dkt. 55 (266-word title); Dkt. 87 (244-word title); Dkt. 90 (445-word title).

Stewart again inappropriately threatened opposing counsel, and his misconduct in disregarding my previous sanctions has drained the resources of the court and opposing counsel. I conclude that the only effective sanction now is to fully bar Stewart from litigating civil rights lawsuits. I will dismiss Stewart's claims in this case and his other open cases in this court: No. 21-cv-764 (currently stayed under *Younger v. Harris*, 401 U.S. 37 (1971)), and No. 24-cv-598-jdp (which Stewart filed in violation of my order barring him from filing a new complaint without prepaying the full filing fee). The only cases that Stewart may now file in

5

this court are habeas corpus petitions relating to a criminal conviction. Any civil lawsuit that Stewart files will be docketed and summarily dismissed. After two years, Stewart may file a motion asking me to lift or modify this filing bar to allow him to file a new case. Any such motion must include the complaint he proposes to file.

## B.  Mikkelsen's counterclaim

That leaves Mikkelsen's Wisconsin-law abuse-of-process claim that he brings under the court's supplemental jurisdiction. *See* Dkt. 17. Mikkelsen alleges that Stewart has filed this case and others in this court and is pursuing appellate litigation in state court for the improper purposes of (1) invoking the courts' authority over private parties like his neighbor and landlord; and (2) attempting to avoid the repercussions of violating local and state laws. *Id.*

Mikkelsen contends that Stewart defaulted on this claim. But the Court of Appeals for the Seventh Circuit has a "well established policy" of disfavoring disposition by default judgment. *Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). A court may enter a default judgment "only when a party [willfully] disregards pending litigation." *Id.* Stewart did not file an answer to Mikkelsen's counterclaim until after Mikkelsen filed his motion for summary judgment, but Stewart has not willfully disregarded the counterclaim. So I won't enter default judgment.

Instead, because I am dismissing Stewart's federal causes of action, I will relinquish supplemental jurisdiction over Mikkelsen's state-law counterclaim. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). Mikkelsen may pursue that claim in state court, subject to Wisconsin statutes of limitations. Those limitations periods have been tolled while

6

this case has been pending, but they will begin again 30 days from now. See 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under [the court's supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

ORDER

IT IS ORDERED that:

1. Defendant Karl Mikkelsen's motion to sanction plaintiff Timothy Lee Stewart, Dkt. 42, is GRANTED.

2. Plaintiff is sanctioned as set forth in the opinion above.

3. Defendant's state-law counterclaim is DISMISSED without prejudice under 28 U.S.C. § 1367(c)(3).

4. The clerk of court is directed to enter judgment accordingly and close this case.

5. The parties' remaining motions are DENIED as moot.

6. The clerk of court is directed to docket this order in case Nos. 21-cv-764 and 24-cv-598-jdp. Those cases are DISMISSED. The clerk of court is directed to enter judgment and close each case.

Entered September 20, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge